**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LYNNE MICHELLE HENNEY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE FARM GENERAL<br>INSURANCE COMPANY, et al,<br><br>　　　　　　　Defendants. | Case No. 2:21-cv-01452-SPG-KS<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 82]** |

　　　　Before the Court is Defendant State Farm General Insurance Company's motion for partial summary judgment. (ECF No. 82). The Court has read and considered the matters raised with respect to the motion and determined that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Central District of California Local Rule 7-15. For the reasons stated below, the Court **GRANTS** Defendant's Motion for Partial Summary Judgment.

## I. BACKGROUND

### A. Factual Background

The Court incorporates by reference its recitation of the facts from the prior order in this case denying Defendant's first motion for summary judgment in this insurance dispute. *See* (ECF No. 30 ("Prior Order")). The following summarized facts relevant to the instant motion are uncontroverted, unless otherwise stated. *See* (ECF No. 82-1 (Joint Appendix of Facts "JAF")).[1]

On October 31, 2017, there was a burglary at Plaintiff's home, and she reported the loss to Defendant soon after. (JAF 1). Defendant informed Plaintiff that her Policy provided a deductible of $19,606. (JAF 3). In December 2017, Plaintiff's public adjuster sent an estimate to Defendant claiming more than $430,000 in damage to Plaintiff's home and stolen property valued at over $58,000. (JAF 4; ECF No. 82-5 ("Paredes Decl.") ¶¶ 5–6; ECF No. 82-4 ("Hogan Decl.") ¶¶ 8–9). Defendant observed inconsistencies between Plaintiff's claim and the report she made to the Los Angeles Police Department following the break-in. (JAF 6; Hogan Decl. ¶ 16; Paredes Decl. ¶ 7). Specifically, Defendant determined that the police report substantiated a burglary but noted that the report did not include all the items claimed through insurance; the only damage reported was to the garage door and to the hinges on the master bedroom's closet doors. (JAF 6; JAE Ex. 2 at 33–34). On January 31, 2018, Plaintiff's public adjuster submitted a revised estimate for $319,303.63 without any explanation for the downward adjustment. (JAF 5; Hogan Decl. ¶ 16). Based on those inconsistencies, on February 15, 2018, Defendant requested that Plaintiff appear for an examination under oath ("EUO") as outlined in her Policy. (JAF 8,

---

[1] When determining a motion for summary judgment, the Court only considers evidence admissible at trial, though the form may differ at the summary judgment stage. *Godinez v. Alta-Dena Certified Dairy LLC*, No. CV 15-01652 RSWL (SSx), 2016 WL 6915509, at *3 (C.D. Cal. Jan. 29, 2016). The Court has reviewed the entire record, including the parties' SUF, objections, and evidence. The Court discusses only the facts that are relevant to its decision. To the extent that the Court relies on evidence that is the subject of an objection, the Court overrules the objection. To the extent the Court does not rely on evidence objected to by the parties, the objections are overruled as moot.

9; JAE Ex. 3). The Policy assigns Plaintiff, as the insured, certain duties in the event she experiences a loss, including:

> (a) give immediate notice to us or our agent. Also notify the police if the loss is caused by theft . . .
>
> (c) prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;
>
> (d) as often as we reasonably require:
>
>> (1) exhibit the damaged property;
>>
>> (2) provide us with records and documents we request and permit us to make copies; . . .
>>
>> (4) produce employees, members of the insured's household or others for examination under oath to the extent it is within the insured's power to do so . . .

(JAE Ex. 1 at 19). Despite having first requested the EUO in February, Plaintiff's EUO did not occur until September 4, 2018, due to various scheduling issues on behalf of both parties. (JAF 19). The parties dispute the reason, but the EUO was not concluded that day. (JAF 19). According to Defendant's counsel, Mr. Stephan Cohn, the EUO was not yet complete because Plaintiff had failed to provide sufficient documentation to substantiate her claim. (JAF 19). A transcript of the EUO reveals that it began at 10:45 am and adjourned at 4:54 pm. (JAE Ex. 26). In addition to the EUO, Defendant investigated Plaintiff's claim by inspecting her home on five separate occasions. During one of those inspections, in November 2018, Defendant's expert observed that the damage to the floors was consistent with normal wear and tear. (JAF 16).

As the Court discussed in its Prior Order, Defendant attempted to continue the EUO on February 6, 2019, but Plaintiff's attorney at that time, Mr. Anthony Gordon, and Mr. Cohn sparred through several rounds of correspondence over the need for another EUO.

(JAE Exs. D, E). Plaintiff then obtained new counsel, Mr. Robert Bekken, and the EUO was rescheduled for May 8, 2019. Due to a conflict of Mr. Bekken, the EUO was rescheduled again to June 14, 2019, but was not completed. On July 24, 2019, Mr. Cohn wrote again to Mr. Bekken seeking dates to complete the EUO but received no response. Defendant then unilaterally scheduled an EUO for Plaintiff on September 6, 2019. Mr. Cohn wrote Plaintiff on August 8 and August 28, 2019, to confirm her attendance and warned her that failure to appear for her EUO could result in Defendant denying her claim. Plaintiff did not appear for her EUO on September 6, 2019, and a certificate of non-appearance was taken. Plaintiff claims she was unrepresented in September 2019, that she notified Defendant she could not attend the EUO for medical reasons, and that she volunteered to answer written questions. On September 10, 2019, Defendant sent Plaintiff a denial letter. (JAF 21; JAE Ex. 28). Defendant explained that its denial was based in part on Plaintiff's failure to cooperate with Defendant's investigation and because questions remained whether Plaintiff had misrepresented the items claimed and the circumstances relating to the loss. (JAE Ex. 28).

### B. Procedural History

Plaintiff commenced this case on September 9, 2020, in the Los Angeles County Superior Court. (ECF No. 1). Plaintiff brings the following five causes of action: (1) breach of contract, (2) breach of duty of good faith and fair dealing; (3) promissory estoppel,[2] (4) bad faith denial of insurance claim, and (5) fraud. Defendant removed the case to this Court on February 17, 2021. (*Id.*). On March 12, 2021, Defendant moved for partial summary judgment on Plaintiff's claim for breach of contract. (ECF No. 8). On May 20, 2021, the Court denied Defendant's motion for summary judgment. (ECF No. 30). On February 12, 2023, Defendant filed the instant motion for partial summary judgment on Plaintiff's claims of bad faith, fraud, and Plaintiff's request for punitive damages, which Plaintiff in the parties' joint brief opposes. (ECF No. 82 ("MSJ")). On March 15, 2023, Defendant filed a reply in support of its MSJ. (ECF No. 85).

---

[2] Plaintiff has dismissed her claim for promissory estoppel. (MSJ at 12 n.1, 17 n.33).

## II. LEGAL STANDARD

Summary judgment is appropriate when the moving party demonstrates there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A fact is "material" if the substantive law identifies the fact as critical such that the resolution of the fact under governing law might affect the outcome of the case, and a dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

"[T]o carry its burden of production, the moving party must produce either evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (citing *High Tech Gays v. Defense Indus. Sec. Clearance Office*, 895 F.2d 563, 574 (9th Cir. 1990)). If the moving party satisfies its initial burden, the burden then shifts to the opposing party, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. A genuine issue requires evidence, not speculation or guesswork. *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001). The opposing party may not simply rely upon the allegations or denials in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 321 n.3 (1986). Nor can it rely on testimony that is conclusory, speculative, or "uncorroborated and self-serving" to raise genuine issues of fact and defeat summary judgment. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (citations and internal quotations omitted). Instead, the opposing party, by citing to documents, depositions, declarations, admissions, interrogatory answers, or other material, must make an affirmative showing on all matters placed in issue by the motion as to which it has the burden of proof at trial. *See*

1  Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 252. "This burden
2  is not a light one. The non-moving party must show more than the mere existence of a
3  scintilla of evidence." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)
4  (citing *Anderson*, 477 U.S. at 252).

5  In resolving a summary judgment motion, the court does not weigh the evidence,
6  determine the truth, or make credibility determinations. *See Anderson*, 477 U.S. at 255.
7  The court construes the evidence and draws reasonable inferences in the light most
8  favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations
9  omitted). Thus, summary judgment for the moving party is proper when a "rational trier
10 of fact" would not be able to find for the non-moving party. *Matsushita Elec. Indus. Co.
11 v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. DISCUSSION

Defendant moves for partial summary judgment as to Plaintiff's second and fourth claims for bad faith, Plaintiff's fifth claim four fraud, and Plaintiff's prayer for punitive damages. The Court addresses each in turn.

### A. Bad Faith

"[T]o establish a breach of the implied covenant of good faith and fair dealing under California law, a plaintiff must show: (1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause." *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001). "The key to a bad faith claim is whether or not the insurer's denial of coverage was reasonable." *Id.* The reasonableness of an insurer's claims-handling conduct is ordinarily a question of fact. However, it becomes a question of law where the evidence is undisputed and only one reasonable inference can be drawn from the evidence. *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins*. Co., 90 Cal. App. 4th 335, 346 (2001) (citing *Paulfrey v. Blue Chip Stamps*, 150 Cal. App. 3d 187, 198 (1983)). "While an insurer's conduct need not rise to the level of actual dishonesty, fraud, or concealment to constitute bad faith, an insurer's conduct must nevertheless be prompted not by an honest mistake, bad judgment

or negligence but rather by a conscious and deliberate act." *McDaniel v. Gov't Emps. Ins. Co.*, 681 F. App'x 614, 615–16 (9th Cir. 2017) (internal citations and quotation marks omitted).

In its prior motion for summary judgment, Defendant argued that Plaintiff's breach of contract claim fails because Plaintiff refused to appear for her mandatory EUO in violation of her duties under her Policy, which requires that after a loss, the insured must submit to an examination under oath "as often as [Defendant] reasonably requires." In the Prior Order, the Honorable George Wu, the United States District Judge to whom this case was previously assigned, rejected Defendant's argument, finding that "the question of reasonableness in this case is a genuine dispute of material fact so as to defeat summary judgment." (Prior Order at 5–6). Judge Wu explained that, "[w]hile it is unclear if [Plaintiff] acted reasonably in delaying her EUO, the Court does not believe that this is a record where only one reasonable inference can be drawn from evidence." (*Id.*). Nevertheless, Defendant once again argues in the present MSJ that its investigation and subsequent denial of Plaintiff's claim based on her failure to cooperate with its investigation, including her refusal to sit for a second EUO, is reasonable and thereby precludes a finding of bad faith. (MSJ at 29–34). Although Defendant repackages its argument in the context of Plaintiff's claim for breach of the covenant of good faith and fair dealing, the substance of the argument remains the same, yet Defendant offers no reason for this Court to revisit the Prior Order. Accordingly, the Court declines to reconsider the Prior Order regarding whether it was reasonable to deny Plaintiff's claim based on her purported failure to cooperate with Defendant's investigation of her claim. *See Delta Savings Bank v. U.S.*, 265 F.3d 1017, 1027 (9th Cir. 2001) (stating the decisions of a prior judge in a case should be followed unless, among other grounds, "the decision [was] clearly erroneous and its enforcement would work a manifest injustice").

However, Defendant raises for the first time in the instant motion that Plaintiff's claims for bad faith fail not simply because Defendant's denial of Plaintiff's claim was reasonable but because a "genuine dispute" exists regarding whether it was reasonable to

deny Plaintiff's insurance claim for failure to cooperate with its investigation in breach of the Policy. (MSJ at 34–36). This Court agrees.[3]

Under California Law, an "insured's claim for breach of the implied covenant of good faith and fair dealing may be dismissed on summary judgment if the defendant insurer can show that there was a 'genuine dispute' as to liability." *Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 823 (9th Cir. 2014) (citing *Guebara*, 237 F.3d at 992). Under the genuine dispute doctrine, "an insurer denying or delaying the payment of policy benefits due to the existence of a genuine dispute with its insured as to the existence of coverage liability or the amount of the insured's coverage claim is not liable in bad faith even though it might be liable for breach of contract." *Wilson v. 21st Century Ins. Co.*, 42 Cal. 4th 713, 723 (2007). "To establish the existence of a genuine issue, an insurer does not need to prove that it was justified or correct in denying the claim—indeed, an insurer that relies on a 'genuine issue' to deny coverage 'might' still 'be liable for breach of contract.'" *Shenon v. N.Y. Life Ins. Co.*, No. 2:18-CV-00240-CAS (AGRx), 2020 WL 227870, at *5 (C.D. Cal. Jan. 13, 2020) (citing *Chateau*, 90 Cal. App. 4th at 347). A "genuine dispute exists only where the insurer's position is maintained in good faith and on reasonable grounds." *Wilson*, 42 Cal. 4th at 723. However, the "genuine dispute rule does not relieve an insurer from its obligation to thoroughly and fairly investigate, process and evaluate the insured's claim." *Id*. The reasonableness of the insurer's decisions and actions must be evaluated as of the time that they were made, not based on subsequent events. *Chateau*, 90 Cal. App. 4th at 347. The "court can conclude as a matter of law that an insurer's denial of a claim is not unreasonable, so long as there existed a genuine issue as to the insurer's liability." *Chateau*, 90 Cal. App. 4th at 347; *accord Payaslyan v. Allstate Indem. Co.*, 610 F. App'x 659, 660 (9th Cir. 2015) ("Under California law, a bad faith claim can be dismissed on summary judgment if the insurer can show that there was a genuine issue as to the insurer's liability.").

---

[3] The Court notes that Plaintiff appears to concede that "there was a genuine issue as to whether [Plaintiff]'s claim exceeded the deductible." (MSJ at 51).

Here, there was a genuine dispute as to both the amount owed to Plaintiff under her claim as well as whether it was reasonable to deny the claim due to Plaintiff's failure to comply with the Policy's cooperation provision. It is undisputed that Defendant did not receive all the information that it had requested from Plaintiff, and that some of the information Defendant had received arguably did not substantiate Plaintiff's claim for $319,303.63. For example, Defendant has provided evidence that its expert found the damage to Plaintiff's floors was consistent with normal wear and tear rather than a burglary. (JAF 16). An insurer may demonstrate the existence of a genuine dispute by showing that "it relied on opinions from experts while evaluating the insured's claim." *Maynard v. State Farm Mut. Auto. Ins. Co.*, 499 F. Supp. 2d 1154, 1160 (C.D. Cal. 2007) (citing *Fraley v. Allstate Ins. Co.*, 81 Cal. App. 4th 1282, 1292 (2000) ("The 'genuine dispute' doctrine may be applied where the insurer denies a claim based on the opinions of experts.")). Moreover, Plaintiff does not present evidence demonstrating the absence of a genuine dispute regarding the amount owed to Plaintiff on her claim by, for example, proffering evidence that she provided information to Defendant before September 10, 2019, that was sufficient to support her claim of $319,303.63.

In addition, it was reasonable for Defendant to interpret the Policy as requiring Plaintiff to attend a second session of her EUO. For example, in *Martinez v. Infinity Insurance Company*, the parties disputed "the proper interpretation of the insurance agreement's cooperation obligation." 714 F. Supp. 2d 1057, 1063 (C.D. Cal. 2010). The court found that the insurer's interpretation, which led it to conclude that the insured failed to timely disclose certain documents, "created a genuine issue" as to the insurer's liability. *Id.* The court granted summary judgment on plaintiff's claim for breach of the implied covenant of good faith and fair dealing, reasoning that the insured provided no evidence to suggest that it "acted with bad faith or with an unreasonable interpretation as to the insurance agreement." *Id.*

As described in the Prior Order, there is a genuine dispute regarding whether it was reasonable for Defendant to deny Plaintiff's claim for failure to cooperate with Defendant's

investigation. In addition to not providing requested documents, like in *Martinez*, Plaintiff declined Defendant's request to complete her EUO. It is well-settled that "[a]n insured's compliance with a policy requirement to submit to an examination under oath is a prerequisite to the right to receive benefits under the policy." *Brizuela v. Calfarm Ins. Co.*, 116 Cal. App. 4th 578, 587 (2004) (citing *Hickman v. London Assurance Corp.*, 184 Cal. 524, 534 (1920)). Although the Court does not find as a matter of law that Defendant's denial itself was unreasonable for the reasons described in the Prior Order, the Court does find there is a genuine dispute concerning whether Plaintiff's failure to cooperate with Defendant's investigation, including Defendant's request to complete the remainder of her EUO, provided reasonable grounds for denial. *Cf. Morales v. Allstate Ins. Co.*, No. CV10–09439 AHM (FFMx), 2012 WL 13005999, at *4 (C.D. Cal. May 31, 2012) (finding it was reasonable for the insurer to request a further EUO as a matter of law even though the insured was already examined for almost four hours). In other words, whether Defendant's denial of Plaintiff's claim was appropriate on this basis or whether Defendant breached the Policy remains to be determined. *See* (Prior Order at 5–6). However, there were reasonable grounds for Defendant to maintain in good faith that it could deny Plaintiff's claim such that a genuine issue exists regarding Defendant's liability under the Policy. Accordingly, for the aforementioned reasons, summary judgment is granted in favor of Defendant as to Plaintiff's claims for breach of the covenant of good faith and fair dealing and bad faith denial of first-party property damage claim.[4]

  **B.**  **Fraud**

  To prove a claim for common law fraud, Plaintiff must show facts establishing: (1) a knowingly false misrepresentation; (2) intent to defraud; (4) plaintiff's justifiable reliance;

---

[4] The Court notes that Plaintiff claims she felt defense counsel's tactics were "harassing, bullying, rude, and sometimes patently unfair." (MSJ at 13). Even if true, the fact remains that Plaintiff was required to comply with her obligations as set forth in the Policy. Moreover, whether Plaintiff felt that defense counsel was unreasonable in his correspondence with Plaintiff does not negate the fact that a genuine dispute exists as to Defendant's liability such that her claims for bad faith fail as a matter of law.

and (5) resulting damages. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). Defendant argues there is no evidence that Defendant has made a knowingly false misrepresentation with the intent to deceive or induce reliance. (MSJ at 53). In response, Plaintiff argues that Defendant fraudulently promised her that she would be covered for claims like the one she submitted to Defendant. (*Id.* at 55). However, Plaintiff has not provided any evidence, as is her burden, that Defendant made any statement with the intent to deceive her or that Defendant did not intend to perform according to the terms of the Policy. *See Lothlen v. Wells Fargo Bank., N.A.*, 2014 WL 1266854, at *5 (N.D. Cal. March 27, 2014) (promise to perform in the future could be actionable as a type of intentional misrepresentation if plaintiff is able to allege "that the promisor did not intend to perform at the time he or she made the promise and that it was intended to deceive or induce the promisee to do or not do a particular thing" (citing *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 158 (1991)). Plaintiff has not shown that Defendant did not intend to reimburse her for claims that are covered by the Policy in accordance with the terms of the Policy. Instead, Plaintiff cites to California Insurance Code section 790.03 to argue that Defendant engaged in unfair methods of competition based on how Defendant handled her claim. (MSJ at 54–55). Plaintiff's conclusory argument is insufficient to show that Defendant knowingly made a false statement at the time it issued the Policy. Plaintiff's fraud claim therefore fails. Accordingly, the Court grants Defendant summary judgment as to Plaintiff's claim for fraud.

C. **Punitive Damages**

Defendant also moves for summary judgment on Plaintiff's request for punitive damages. To be eligible for punitive damages under California law, plaintiff must establish "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294. "Because [P]laintiff's sole remaining claim is for breach of contract, [s]he cannot recover punitive damages. *M.L. Textiles Enter. LLC v. Scottsdale Ins. Co.*, No. CV 20-3547 FMO (ASX), 2022 WL 1590836, at *8 (C.D. Cal. Mar. 15, 2022) (citing *Tibbs v. Great Am. Ins. Co.*, 755 F.2d 1370, 1375 (9th Cir. 1985)

("Under California law, punitive damages are not available for breaches of contract no matter how gross or willful.")); *see also Sekera v. Allstate Ins. Co.*, No. EDCV 14-1162 JGB (DTBx), 2017 WL 6550425, at *14 (C.D. Cal. Sept. 19, 2017), *aff'd*, 763 F. App'x 629 (9th Cir. 2019) (holding that "a plaintiff unable to defeat a motion for summary judgment on a bad faith claim is also unable to defeat the related claim for punitive damages").

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion for partial summary judgment.

**IT IS SO ORDERED.**

DATED: April 21, 2023

_____
HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE